EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EMILIO MARTÍNEZ LUGO, acusado y apelante.

No. 2609.—*Visto:* Noviembre 25, 1925. *Resuelto:* Marzo 4, 1926.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—FUNDAMENTOS QUE SIRVEN DE BASE A LAS DECISIONES RECURRIDAS—RESOLUCIONES DENEGANDO NUEVO JUICIO—RESOLUCIONES JUSTAS CON FUNDAMENTOS ERRÓNEOS.—Aún cuando el fundamento de una resolución denegando un nuevo juicio sea erróneo, si de un examen de los méritos de la moción—a la luz de la ley, hechos y circunstancias del caso—la resolución es justa, procede confirmar la sentencia apelada.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—PRESUNCIONES EN APELACIONES EN RELACIÓN CON LAS SENTENCIAS RECURRIDAS—PRESUNCIÓN DE JUSTAS.—Cuando el apelante no destruye la presunción de justa que tiene la sentencia recurrida, debe ésta confirmarse.

SENTENCIA de *Enrique Lloreda,* J. (Arecibo), condenando al acusado por delito de homicidio voluntario, con costas. *Confirmada.*

*José de J. Tizol,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se imputó al acusado un delito de asesinato en segundo grado. Fué condenado por homicidio. No conforme apeló. De acuerdo con la ley, el secretario de la corte sentencia-

dora elevó la transcripción que contiene la acusación, la alegación del acusado, el veredicto, una moción solicitando nuevo juicio, la resolución recaída, la sentencia y el escrito de apelación.

Después de archivada la transcripción en esta corte, trató el acusado de preparar una exposición del caso. Su petición fué negada, y nada más gestionó en tal sentido.

[1] Presentó su alegato y en él sostiene que no obstante lo incompleto de la transcripción, hay base para revocar la sentencia apelada ya que de la resolución de la corte que en ella se transcribe aparece que la moción de nuevo juicio se declaró sin lugar "por no estar comprendida en ninguno de los casos enumerados y señalados taxativamente como únicos en el artículo 3º del Código de Enjuiciamiento Criminal," y es evidente que la moción estaba autorizada por el artículo 303 de dicho Código.

¿Puede esta corte resolver la cuestión planteada con seguridad de acierto? Entendemos que no. Aunque concluyéramos que el fundamento de la resolución de la corte era erróneo, podría encontrarse de un examen de los méritos de la moción a la luz de la ley y de los hechos y circunstancias del caso que la resolución era enteramente justa. Es contra la sentencia o resolución apeladas que se otorga el recurso y no contra sus fundamentos, como en repetidas ocasiones ha decidido este tribunal.

[3] Un examen de los autos no revela que se haya cometido ningún error fundamental ni injusticia notoria. No habiéndose, en tal virtud, destruído por el apelante la presunción de justa que tiene la sentencia recurrida, *debe confirmarse.*

El Juez Asociado Sr. Franco Soto no tomó parte en la resolución de este caso.